DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                              Chapter 11

ONE FOR THE MONEY, LLC,           Case No. 15-10188(SCC)

                   Debtor.
------------------------------------------------------------X

**AFFIDAVIT OF ANTHONY M. MARANO
PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK      )
                               ) SS.:
COUNTY OF NEW YORK   )

      ANTHONY M. MARANO, being duly sworn, deposes and says:

    1.    I am the managing member of One For The Money, LLC, the above-referenced debtor and debtor-in-possession (the "Debtor" or "OFTM"). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

    2.    I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

**Background of the Debtor**

    3.    The Debtor is a single asset real estate entity that owns a vacant lot located at 75 First Avenue, New York, New York 10003, Block 00446, Lot 0032 (the "Property").

4.      The Property is located on the corner of First Avenue and East 5th Street in the East Village neighborhood of downtown Manhattan. The area is characterized by a mixture of residential loft buildings, trendy restaurants, 'quick' food stores, a wide variety of high-end retail establishments, and food and dry goods wholesalers.

5.      The Property was acquired by the Debtor in April of 2005 for $3.7 million for the purpose of developing a high-rise condominium building. The acquisition of the Property was partially funded by a $2.5 million mortgage from Titan-LB LLC.

6.      In June, 2005, the Debtor acquired the air rights over the adjacent property located at 77-81 First Avenue, New York, New York. In connection with the acquisition of the air rights, the Debtor refinanced the property with Broadway Bank, which loan was subsequently assigned to Chinatrust Bank (U.S.A.) ("Chinatrust").

7.      The Debtor again refinanced the property with Chinatrust in August, 2007, extending the indebtedness to $21 million to provide the Debtor with sufficient monies to construct a high rise building.

8.      The Debtor's initial plans were to construct a fifteen (15) story building. However, in 2008, the zoning law was changed thereby disallowing the approved building. The Board of Standards and Appeals was willing to grant a one (1) year vested right extension. However, the Department of Buildings subsequently retroactively rescinded the permits issued to the Debtor to construct the building, stating that the Technical Compliance Unit of the Department of Buildings determined the original permit was issued based an erroneous interpretation of the "Sliver Rule".

9.      The "Sliver Rule" was intended to prevent narrow buildings from being constructed on lots less than 45 feet wide that are taller than adjacent buildings. The "Sliver

2

Rule" had been previously interpreted by the then acting Manhattan Borough Commissioner to allow the Debtor to proceed with its plans to construct a building on the Property above 160 feet, under the theory that the two merged lots (the Property merged with the air rights from 77-81 First Avenue) comprised one lot of 100 feet by 100 feet, to which the "Sliver Rule" was no longer applicable.

10. However, the NYC Department of Buildings subsequently determined that with the current definition of "lot", a lot merger does not exempt the building from the minimum 45 foot base and street wall, and a narrow building that abuts an existing building on the same zoning lot may utilize the width at the base height of such adjacent building to qualify for exemption from the "Sliver Rule" and thus may add narrow stories above the base.

11. However, the Technical Compliance Unit subsequently found this interpretation to be contrary to the intent of the "Sliver Rule", and as a result the amended definition of building, the "Sliver Rule" will apply to each building separately.

12. As a result, the NYC Department of Buildings retracted their findings which had allowed the Debtor to construct a building 160 feet high, and instead the maximum height of the building to be constructed was significantly reduced to eighty (80) feet, under the new zoning law.

13. The Debtor had begun its construction on the building, but when Chinatrust discovered the zoning changes, it ceased funding the construction loan and held the Debtor in default. Chinatrust began a foreclosure proceeding against the Debtor in 2009. Instead of pursuing the foreclosure proceeding, Chinatrust ultimately sold and transferred the loan to MS Kearny CT 1 LLC, which then transferred the loan to Titan Capital ID LLC and then Sutherland Asset I, LLC ("Sutherland").

3

14. At the time Chinatrust began to foreclose its funding, the outstanding balance on the loan was approximately $8.3 million. Without the availability of the construction loan, the Debtor was unable to complete the build out. Instead, the Debtor's principals were able to negotiate a very favorable discount purchase option with Kearny CT 1, LLC in the amount of $4.7 million (the "DPO").

15. In order to take advantage of the DPO, the Debtor's majority principals formed a new affiliate corporation, 75 First Avenue, LLC ("75 LLC"), which raised $1.0 million in to pay down the DPO. The remaining $3.7 million owed to Sutherland is payable as an option held by 75 LLC which expires on or before April, 2015 (the "Option"). Without the Option, the payoff to Sutherland is in excess of $12.5 million.

16. 75 LLC shares 70% common ownership as the Debtor, as outlined below (common owners listed in italics):

| Debtor's Members | 75 First Avenue LLC Members |
|---|---|
| *Anthony C. Marano - 42%* | *Anthony C. and Anthony M. Marano – 25%* |
| *Anthony M. Marano - 12%* | *Dean Galasso – 35%* |
| *Dean Galasso - 4%* | Andrew Bradfield – 35% |
| Lou Galasso, III - 10% | Josh Schuster – 5% |
| Paul Galasso - 15% | |
| Scott Marano - 13% | |
| Chris Tokarski - 2% | |
| Sepp Dobbler - 2%. | |

17. Over the past five (5) years, the Debtor has been aggressively marketing the Property for sale while it attempts to resolve its issues amongst its members, and the members of 75 LLC.

18. The Property has been listed with approximately twenty (20) brokers and the Debtor has received offers between $11.5 million and $13 million. The Debtor currently has an offer for the Property for $12.5 million, without any broker fees or remaining due diligence.

4

19.  The Debtor intends to use the bankruptcy proceeding to consummate the sale of the Property, subject to higher and better offers, thereby maximizing the value of the Property for all of its creditors, secured and unsecured alike.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

20.  In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

21.  The Debtor is located at 4-6 West 14th Street, 2nd Floor, New York and owns the vacant lot located at 75 First Avenue, New York, New York.

**Local Rule 1007-2(a)(2)**

22.  This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

**Local Rule 1007-2(a)(3)**

23.  Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

24.  A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

25.  A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

5

26. The Debtor's recent balance sheet is annexed hereto as **Schedule III**.

**Local Rule 1007-2(a)(7)**

27. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

28. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

29. The Debtor owns property located at 75 First Avenue, New York, New York.

**Local Rule 1007-2(a)(10)**

30. The Debtor's books and records are located at 4-6 West 14th Street, 2nd Floor, New York, New York.

**Local Rule 1007-2(a)(11)**

31. There are no lawsuits are currently pending against the Debtor.

**Local Rule 1007-2(a)(12)**

32. The Debtor is currently managed by Deponent, who has done so since the Debtor's formation.

**Local Rule 1007-2(b)(1) and (2)**

33. The Debtor has no current employees.

**Local Rule 1007-2(b)(3)**

34. The Debtor is not currently operating. As such there is no income and expenses anticipated over the next thirty (30) days.

## **CONCLUSION**

35.     The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

36.     The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

37.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Anthony M. Marano*
Anthony M. Marano

Sworn to before me this
10th day of February, 2015.

*/s/ Julie C. Curley*
Julie C. Curley
Notary Public, State of New York
No. 02 CV6136681
Qualified in Rockland County
Commission Expires Nov. 14, 2017

# SCHEDULE I

## List of Debtor's 20 Largest Unsecured Creditors

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    One For The Money, LLC        Case No.   15-10188
                       Debtor(s)        Chapter    11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

     Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| Petros M. Beys<br>c/o Derfner & Gillet, LLP<br>60 East 42nd Street<br>New York, NY 10165 | Petros M. Beys<br>c/o Derfner & Gillet, LLP<br>60 East 42nd Street<br>New York, NY 10165 | 75 First Avenue<br>New York, New York | | 2,600,000.00<br>(12,500,000.00 secured)<br>(12,525,294.32 senior lien) |
| Jack Green Associates<br>242 West 36th Street<br>New York, NY 10018 | Jack Green Associates<br>242 West 36th Street<br>New York, NY 10018 | Consulting Services | | 37,012.00 |
| Tom Ohara Architects<br>HOT Architect PLC<br>370 Seventh Avenue, Suite 220<br>New York, NY 10012 | Tom Ohara Architects<br>HOT Architect PLC<br>370 Seventh Avenue, Suite 220<br>New York, NY 10012 | Architect Fees | | 35,000.00 |
| Waterfall Asset Management<br>c/o Key Bank<br>1501 Outlook, Ste 300<br>Leawood, KS 66211 | Waterfall Asset Management<br>c/o Key Bank<br>1501 Outlook, Ste 300<br>Leawood, KS 66211 | 75 First Avenue<br>New York, New York | | 12,525,294.32<br><br>(12,500,000.00 secured) |
| ADG Architects<br>13 West 36th Street, 7th Floor<br>New York, NY 10018 | ADG Architects<br>13 West 36th Street, 7th Floor<br>New York, NY 10018 | Zoning expediting architect | | 20,000.00 |
| JWW Engineering<br>20 Balfour Road West<br>Palm Beach Gardens, FL 33418 | JWW Engineering<br>20 Balfour Road West<br>Palm Beach Gardens, FL 33418 | SOE Engineering | | 10,000.00 |

**B4 (Official Form 4) (12/07) - Cont.**

In re  One For The Money, LLC

Debtor(s)

Case No.  15-10188

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  January 28, 2015

Signature  /s/ Anthony M. Marano
Anthony M. Marano
Managing Member

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## SCHEDULE II

**<u>List of Debtor's 5 Largest Secured Creditors</u>**

B6D (Official Form 6D) (12/07)

In re **One For The Money, LLC** ,   Case No. **15-10188**
                                     Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Petros M. Beys<br>c/o Derfner & Gillet, LLP<br>60 East 42nd Street<br>New York, NY 10165** | X | - | **11/2012**<br><br>**Judgment Lien**<br><br>**75 First Avenue<br>New York, New York**<br><br>Value $     12,500,000.00 | | | | **2,600,000.00** | **2,600,000.00** |
| Account No.<br><br>**Waterfall Asset Management<br>c/o Key Bank<br>1501 Outlook, Ste 300<br>Leawood, KS 66211** | | - | **First Mortgage**<br><br>**75 First Avenue<br>New York, New York**<br><br>Value $     12,500,000.00 | | | | **12,525,294.32** | **25,294.32** |
| Account No.<br><br> | | | <br><br><br><br>Value $ | | | | | |
| Account No.<br><br> | | | <br><br><br><br>Value $ | | | | | |
| **0**   continuation sheets attached | | | | | | Subtotal<br>(Total of this page) | **15,125,294.32** | **2,625,294.32** |
| | | | | | | Total<br>(Report on Summary of Schedules) | **15,125,294.32** | **2,625,294.32** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

## Schedule III

## Balance Sheet

**ASSETS**

| | |
|---|---|
| Real Property | $12,500,000 |
| Personal Property | $0 |
| **Total** | **$12,500,000** |

**LIABILITIES**

| | |
|---|---|
| Secured Claims | |
|     Sutherland Mortgage | $12,525,294.32 |
|     Beys Judgment | $2,600,000 |
| Priority Claims | $0 |
| Unsecured Claims | $802,012 |
| **Total** | **$15,927,306.32** |