UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 11

ONE FOR THE MONEY, LLC                     Case No. 15-10188 (SCC)

                Debtor.
------------------------------------------------------------X

## ORDER CONFIRMING DEBTOR'S
## LIQUIDATING CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. SECTION 1129

The above-captioned debtor and debtor-in-possession, One For the Money, LLC, (the "Debtor"), having filed a Liquidating Chapter 11 Plan dated May 27, 2015 [Docket No. 29] (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") and a Disclosure Statement dated May 27, 2015 [Docket No. 30] (the "Disclosure Statement"); and the Court having entered an Order on June 1, 2015, (1) conditionally approving the Debtor's Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, (2) scheduling a hearing to consider confirmation of the Plan for July 6, 2015 at 10:00 a.m. and (3) setting a deadline for filing and serving objections to confirmation of the Plan for June 29, 2015 [Docket No. 32] (the "Scheduling Order"), and a copy of the Plan, Disclosure Statement, Scheduling Order and a ballot in the form approved by the Court having been transmitted to all known holders of Claims and Interests in accordance with the Scheduling Order; and no objections to confirmation of the Plan having been filed; and the hearing to consider confirmation of the Plan having been adjourned to and held on July 8, 2015 (the "Hearing") pursuant to notice as heretofore directed; and an affidavit of service having been filed herein evidencing compliance with such notice; and upon the Declaration of Anthony M. Marano dated July 6, 2015 [Docket No. 38] in support of confirmation of the Plan; and upon the entire record of this case and the minutes taken before me at the Hearing; and the certification of Jonathan S. Pasternak, Esq. of the ballots cast in acceptance of and in rejection to the Plan dated

June 30, 2015 [Docket No. 37]; and upon all proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     As shown by the Affidavit of Service of Linda-carol Barry duly sworn to on June 2, 2015 [Docket No. 33], proper, timely, adequate and sufficient notice of the Hearing to consider confirmation of the Plan to all creditors, interest holders and parties in interest has been provided in accordance with the Scheduling Order and applicable Bankruptcy Rules and no further or other notice of the Hearing or entry of this Order is necessary.

B.     This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

C.     The Disclosure Statement, subject to the modifications made on the record of the Hearing, contains adequate information, as such term is defined under section 1125 of the Bankruptcy Code.

D.     The Plan has been accepted in writing pursuant to section 1126(c) of the Code by at least one class of creditors as defined in section 101(10) of the Code ("Creditors") whose acceptance is required by law; and

E.     The applicable provisions of the Bankruptcy Code have been complied with in the Plan and by the Debtor.

F.     The Plan has been proposed in good faith and not by any means forbidden by law.

G.     Insofar as the Plan is a liquidating Plan, confirmation is not likely to be followed by the need for further financial reorganization of the Debtors.

H. There exists no governmental regulatory commission with jurisdiction over the rates of the Debtors, and therefore section 1129(a)(6) of the Code is inapplicable.

I. With respect to each impaired class of Claims or Interests, each holder of a claim as defined in section 101(5) of the Code ("Claim") or Interest of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Code on the effective date of the Plan.

J. The Plan provides that with respect to any Claim of a kind specified in section 507(a)(8) of the Code, the holder of any such Claim, if any, will receive payment in full on the Effective Date.

K. There are no holders of Claims of a kind specified in sections 507(a)(1), (3), (4), (5), (6) and (7) of the Code against the Debtors.

L. All fees payable under 28 U.S.C. § 1930 and 31 U.S.C. § 3717 have been paid or will be paid within 30 days after the Effective Date of the Plan.

M. sections 1129(a)(13)-(15) of the Code are not applicable herein.

N. The Plan satisfies the requirements of sections 1122 and 1123 of the Code.

O. There is no other plan of reorganization that has been moved for confirmation. The Plan is therefore the only plan pending before the Court.

P. All requirements of section 1129(a) of the Code have been met under the Plan.

Q. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims or Interests that is impaired under, and has not accepted the Plan.

R. The Plan complies with all the applicable provisions of section 1129(b) of the

Bankruptcy Code.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.  The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2.  Unless otherwise defined herein, capitalized terms in this Order shall have the meanings ascribed to them in the Plan.

3.  The Disclosure Statement is hereby approved, on a final basis.

4.  The Plan together with all exhibits thereto, a copy of which is annexed hereto as Exhibit "A", be and the same hereby is, confirmed pursuant to sections 1129 and 1141 of the Code.

5.  The Plan is hereby amended to provide that all Allowed non-insider Class 4 Unsecured Claims will be paid in full with interest unless they otherwise have reached an agreement with the Debtor, and that any commission payable to Anthony M. Marano shall first be applied to such obligation in the event of any such shortfall.

6.  The Plan together with all exhibits thereto, this Order, and their respective provisions, including but not limited to the injunction provisions, shall be binding upon the Debtor, any lessor or lessee of property from or to the Debtor, and any and all creditors, Interest holders of the Debtor and any other party in interest in this chapter 11 case, whether or not the Claim or Interest of such creditor, Interest holder or other party in interest is impaired under the Plan and whether or not such creditor, Interest holder or other party in interest has filed, or is

deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan.

7. The Debtor is hereby authorized to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order.

8. The Sale of the Property as provided for in the Sale Agreement is hereby approved in all respects.

9. As the Plan expressly contemplates the sale of the Property (as that term is defined in the Plan) after the Effective Date, the post-Effective Date sale thereof to either (a) Purchaser or its nominee under the Sale Agreement or (b) such other purchaser if Purchaser fails to close in accordance with the Sale Agreement shall not be taxed under any law imposing a stamp or similar tax as provided for in section 1146(a) of the Code including (i) the initial transfer of the Property; (ii) the creation of any mortgage, deed of trust, lien, pledge or other security interest required in connection with such initial transfer; (iii) the initial making or assignment of any contract or executory contract from the Debtor to either (a) the Purchaser or its nominee under the Sale Agreement or (b) such other purchaser if Purchaser fails to close in accordance with the Sale Agreement; or (iv) the making or delivery of any deed or other instrument or transfer from the Debtor to an initial purchaser under, in furtherance of, or in connection with the Plan. All such transfers, assignments and sales will not be subject to any stamp tax, or other similar tax held to be a stamp tax, including mortgage recording tax or other similar tax by applicable law, provided, however, that no subsequent transfers of the Property (as defined in the Plan), if any, by any purchaser or assignee of a contract or executory contract shall be exempt from stamp tax under section 1146(a)  All filing and/or recording officers (or

5

any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax. The Court shall retain jurisdiction with respect to these matters.

10. The sale of the Property shall be free and clear of any and all Claims, liens, encumbrances, equities and Interests of any nature or kind (collectively, "Liens"), with the liens of the Class 1, 2 and 3 Secured Claim holders and, if any, the City of New York to attach to such proceeds to the extent provided for under the Plan, the DPO Extension Agreement, 75, LLC Settlement Agreement and the Beys Settlement Agreement, respectively, as applicable, and shall constitute a sale under sections 105, 363(b), (f) and (m), 1123(b)(4) and 1129 of the Bankruptcy Code. The liens of the City of New York for any unpaid real estate taxes, and any judgments of the Environmental Control Board shall attach to the proceeds of sale and be paid at closing, with statutory interest thereon.

11. Nothing contained in the Plan or this Order shall contradict or override the terms and conditions set forth in the DPO Extension Agreement, the 75, LLC Settlement Agreement or the Beys Settlement Agreement, respectively. In the event that the Class 1 Secured Claim is not paid in the discounted amount of $4,113,195.32 together with all applicable interest and fees due thereon, on or before August 22, 2015, the Class 1 Secured Claim shall be paid the full amount of its Allowed Class 1 Secured Claim, absent further extension and/or agreement among the Debtor, 75, LLC and Sutherland Asset I, LLC.

12. In exchange for receiving payment of the Allowed Class 2 Secured Claim of 75 First Avenue LLC ("75 LLC"), 75 LLC shall be deemed to have relinquished all of its Claims,

6

options and rights under the DPO Extension Agreement, and all predecessor agreements to the DPO Extension Agreement to which 75 LLC was a party.  Simultaneously with such relinquishment, 75 LLC shall direct Sutherland Asset I, LLC to assign its mortgage on the Property to a mortgagee designated by Purchaser.

13. The broker commission of Anthony M. Marano referenced in the Disclosure Statement shall be limited to no more than 2% of the purchase price under the Sale Agreement.

14. The Debtor is hereby authorized to assume and assign to either (a) the Purchaser or its nominee under the Sale Agreement or (b) such other purchaser if Purchaser fails to close in accordance with the Sale Agreement all of the agreements attached to the Sale Agreement, including any amendments thereto.

15. All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the Board of Directors of the Debtor.

16. The Debtor is hereby authorized and directed to file quarterly disbursement reports for each quarter the chapter 11 case remains open and pay United States Trustee fees pursuant to 28 U.S.C. § 1930 and 31 U.S.C. § 3717 until the chapter 11 case is closed. Such fees shall be payable in accordance with 28 U.S.C. § 1930 and 31 U.S.C. § 3717.

17. Except as expressly set forth in Paragraph 9 above, In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

18.	Notwithstanding any term or provision to the contrary in the Plan or this Confirmation Order, no events or contingency under the Plan or in this Order shall in any manner diminish the obligations memorialized under the Beys Settlement Agreement.

19.	This Order is a judgment for purposes of Fed. R. Civ. P. 58 as incorporated into the Bankruptcy Code by Bankruptcy Rule 9021. The period in which an appeal must be filed shall commence immediately upon the entry of this Order on the docket of the Chapter 11 Cases maintained by the clerk of the Court.

20.	Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry, the 14-day stay provided for under Rule 3020(e) of the Federal Rules of Bankruptcy Procedure shall not be applicable, and the "Outside Date" as defined in Section 1(b) of the 75, LLC Settlement Agreement shall be deemed to be 60 calendar days after the date of entry of this Order.

21.	This Court hereby retains jurisdiction pursuant to and for the purposes of sections 105, 1127 and 1142 of the Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan.

Dated:   New York, New York
         July 16, 2015

                                        /S/ Shelley C. Chapman
                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

8